IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL ADAMS, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| APACHE CORPORATION AND CRESCENT CONSULTING, LLC | § § | CIVIL ACTION NO. 4:15-cv-1923 |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Daniel Adams ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Apache Corporation ("Apache") and Crescent Consulting, LLC ("Crescent") (collectively "Defendants"), showing in support as follows:

## I.    SUMMARY

1.    This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek.

2.    Plaintiff files his FLSA cause of action individually and on behalf of all others similarly situated as a FLSA collective action pursuant to 29 U.S.C. § 216(b).

3.    Although Defendants labeled Plaintiff as a so-called independent contractor, Plaintiff was, under the FLSA's economic realities test, an employee at all times relevant. As an employee, Plaintiff was entitled to the FLSA's protections.

4.      Plaintiff was not paid on a salary basis by Defendants. Instead, Defendants paid Plaintiff on a day-rate basis when he worked for Apache and for Crescent. Apache and Crescent also paid Plaintiff so-called "per diem" pay.

5.      Plaintiff regularly worked in excess of 40 hours per workweek for Defendants. However, Plaintiff was not paid corresponding FLSA mandated overtime compensation for each and every hour worked over 40 in any workweek.

6.      Plaintiff alleges that Apache and Crescent were his "employers" and/or "joint employers", and are therefore jointly and severally liable for the damages sought by Plaintiff in this lawsuit.

7.      Plaintiff seeks back wages, liquidated damages, legal fees, costs and all other available remedies as a result of Defendants' violations of the FLSA.

8.      Plaintiff seeks a three year limitations period based on Defendants' willful violations of the FLSA.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Daniel Adams

9.      Plaintiff is a natural person who resides in Parker County, Texas. He has standing to file this lawsuit.

10.     Plaintiff primarily worked for Defendants in and around Midland, Texas.

11.     Although Plaintiff was labeled as a so-called independent contractor by Defendants, the economic reality is that, at all times relevant, he was an "employee" of Defendant as that term is defined by the FLSA. 29 U.S.C. § 203 (e)(1). *See also, Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).

*Plaintiff's Original Complaint*                                                                                    2

12.     Within the relevant time period of the claims set forth herein, Plaintiff worked as an oilfield worker for Apache from approximately January 2014 to February 2015.

13.     Within the relevant time period of the claims set forth herein, Plaintiff worked as an oilfield worker for Crescent in from approximately January 2014 to February 2015.

14.     Plaintiff is a former employee of Defendants. Defendants controlled the work performed by Plaintiff. Plaintiff made no investments, other than his labor, in Defendants' business operations. Plaintiff's opportunity for profit or loss was controlled by Defendants. Namely, Plaintiff had only the opportunity for wages earned based on labor performed. No unique skill or initiative was required of Plaintiff to work for Defendants, and workers like Plaintiff were integral to Defendants' business operations. During the time of his work for Defendants, Plaintiff's only source of earned income was from providing labor for Defendants.

15.     Plaintiff was paid a day rate by Defendants of approximately $1,430 per day.

16.     Plaintiff was also paid a per diem by Defendants of approximately $50 per day.

17.     Plaintiff was not paid for all time worked, including overtime premium compensation for any hours worked over 40 in a week.

**B.      Collective Action Members**

18.     The putative collective action members ("class members") are all current and/or former drilling rig workers of Defendants who work/worked for Defendants during the relative time period of this lawsuit, are/were paid on an hourly basis/de facto hourly basis in addition to other remuneration, and who are/were not paid time and one-half their regular rates of pay for all hours worked over 40 during each seven day workweek.

19.     The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

20.     All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

C.      **Defendant Apache Corporation**

21.     On information and belief, Defendant Apache is a corporation incorporated under the laws of the State of Texas.

22.     During all times relevant to this lawsuit, Apache has done business in the State of Texas. Furthermore, Apache employed Plaintiff in Texas.

23.     Defendant's principal office and principal place of business is located at or near 2000 Post Oak Boulevard, Suite 1000, Houston, Texas 77056.

24.     During the time period relevant to the FLSA cause of action set forth in this lawsuit, Apache was an "employer" of Plaintiff and the putative collective action members pursuant to the FLSA.

25.     At all times relevant to this lawsuit, Apache is and has been an "enterprise engaged in commerce" as defined by the FLSA.

26.     At all times relevant to this lawsuit, Apache employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

27.     At all times relevant to this lawsuit, Apache employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include tools, vehicles, drilling rigs, pulling/workover/completion units, communications equipment, computers, and supplies/materials used in connection with drilling, completion and/or workover operations.

28.     On information and belief, at all times relevant to this lawsuit, Apache has had annual gross sales or business volume in excess of $500,000.

29.     Apache may be served with summons by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**D.     Defendant Crescent Consulting, LLC**

30.     On information and belief, Defendant Crescent is a foreign limited liability company incorporated under the laws of the State of Oklahoma.

31.     During all times relevant to this lawsuit, Crescent has done business in the State of Texas. Furthermore, Crescent employed Plaintiff in Texas.

32.     During the time period relevant to this lawsuit, Crescent was an "employer" of Plaintiff pursuant to the FLSA.

33.     At all times relevant to this lawsuit, Crescent  has been an "enterprise engaged in commerce" as defined by the FLSA.

34.     At all times relevant to this lawsuit, Crescent employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

35.     At all times relevant to this lawsuit, Crescent employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people.

36.     On information and belief, at all times relevant to this lawsuit, Crescent has had annual gross sales or business volume in excess of $500,000.

37.     Crescent may be served with summons by serving its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

E.    **Jurisdiction and Venue**

38.    The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

39.    During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

40.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely 29 U.S.C. §§ 201, et seq.

41.    Venue is proper in the United States District Court for the Southern District of Texas because Defendants maintains business operations in this judicial district. Furthermore, the Defendant Apache's principal office and principal place of business is located within this judicial district as identified above.

42.    Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because Defendant maintains business operations in the Houston Division Furthermore, Defendant's principal office and principal place of business is located within the Houston Division as identified above.

### III.    FACTUAL BACKGROUND

43.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44.    Apache employs/employed numerous oilfield workers in connection with its drilling operations throughout Texas and the United States. These workers work/worked on and/or in support of Defendant's drilling rigs which drill/drilled for oil and/or natural gas.

45.     At all times relevant to this lawsuit, Plaintiff worked as an oilfield worker exclusively for Crescent projects/contracts with Apache. At all times relevant, Apache had supervisory authority of Plaintiff, established Plaintiff's job duties and responsibilities, set and/or controlled Plaintiff's work schedules, set and/or controlled Plaintiff's conditions of employment and/or terms of work, and had authority to hire and/or fire Plaintiff. At all times relevant to this lawsuit, Plaintiff was not paid on a salary basis. At all relevant times Plaintiff was paid a day rate. Plaintiff also received so-called "per diem" pay.

46.     Defendants labeled Plaintiff as a so-called "independent contractor." However, the economic reality is that Plaintiff was Defendants' employee during the time periods relevant to this cause of action.

47.     Defendants controlled the manner in which Plaintiff performed his work. For example, Plaintiff answered to Apache daily for instructions on what to do, where to do it and how to do it. Essentially, Plaintiff worked directly for Apache, but Crescent paid him pursuant to his invoices and timesheets. Plaintiff was not free to make or recommended corrections to the deficiencies he observed, but instead reported same back to Apache who made decisions on how to address such deficiencies. Further, Plaintiff was not free to leave a worksite when he pleased, but was instead required to remain onsite. Plaintiff was not permitted to hire employees to assist him with his work, but was instead himself the employee assigned by Apache and Crescent to do that work.

48.     Plaintiff provided no material investment in Defendants' respective business operations. All financing, work materials, tools, plans, rig equipment, work vehicles, administrative support, and all other material items related to Defendants' drilling projects/operations were supplied by the Defendants. Additionally, Apache provided Plaintiff

with a hard hat, safety goggles, safety gloves, a computer, and an office with a desk, chair, printer and other office supplies, as well as living quarters. Plaintiff utilized the tools and equipment provided by Apache in performing work for Apache and Crescent. In comparison, Plaintiff provided his own vehicle to get to and from jobsites (as any employee would do), mobile phone and other small miscellaneous items. Defendants' respective investments in the business operations were significantly greater than Plaintiffs' investments. Plaintiff was also paid a per diem in addition to his day rate which he was told covered gas, hotel stays, meals, etc.

49.     Plaintiff's opportunity for profit or loss was determined by Defendants. Plaintiff's work for the Defendants was his sole source of earned income over many consecutive months including the time period relevant to this lawsuit. Furthermore, the approximate 80-85 hour week schedule worked by Plaintiff prevented work for any business other than Defendants.

50.     Defendants provided all project assignments and work instructions to Plaintiff. Plaintiff did not engage in activities to market business operations for potential customers as would be expected of a bona fide independent contractor. Plaintiff did not submit bids to obtain work from other business, but instead simply worked on Apache projects as primarily determined by Crescent and Apache. In doing his job for Defendants, Plaintiff did not shop the market for cheaper supplies or higher paying contracts in order to boost profit margins. Plaintiff was simply paid a day rate and per diem. Plaintiff did not and could not hire employees of his own while working on Apache projects. Similarly, Plaintiff did not and was not permitted to subcontract the work assigned to him by Defendants. Furthermore, Plaintiff had no opportunity for loss. Instead, there was only opportunity for earned income based upon his time worked.

51.     Plaintiff's work did not require a unique skill set, but instead involved basic knowledge of drilling rigs and oilfield operations. While Plaintiff was skilled in performing work

for Defendants, Defendants did not require a special skill set in order to be hired for that position. In fact, the only specialty training required to do Plaintiff's job related to safety meetings, but even then, Defendants paid for Plaintiff to obtain the requisite training. Plaintiff was not required to take initiative to obtain this training on his own, nor was he required to have that training prior to being hired by Defendants.

52.     The permanency of the relationship between Plaintiff and Defendants was significant and lasted for thirteen months. Plaintiff worked for Apache from approximately January 2013 to approximately February 2014. At all times relevant to this lawsuit, Plaintiff worked exclusively and full-time for Apache and Crescent. The services provided by Plaintiff were integral parts of Defendants' business operations.

53.     Defendants performed all marketing, administrative, and IT support for business operations involving Plaintiff.

54.     As a non-exempt employee of Defendants, Plaintiff was entitled to overtime compensation for each and every hour worked over 40 in a workweek.

55.     Plaintiff regularly worked in excess of 40 hours per workweek.

56.     Defendants did not maintain an accurate record of the total hours worked by Plaintiff on a daily and weekly basis.

57.     Defendants did not pay Plaintiff time and one-half his respective regular rate of pay for all hours worked over 40 in each and every workweek during the time period relevant to this lawsuit.

58.     During his employment with Defendants, Plaintiff worked with numerous other employees of Defendants who were similarly situated to Plaintiffs. Those other employees worked as oilfield workers for Defendants, were paid on an hourly basis/de facto hourly basis, at

times, received other remuneration such as per diem pay, and generally worked in excess of 40 hours in a workweek without being paid all corresponding FLSA mandated overtime premium compensation.

## IV.   CONTROLLING LEGAL RULES

59.     Whether an individual is an employee, who is covered by the FLSA's provisions, as opposed to an independent contractor, who is not covered by the FLSA, is determined by the economic realities test. *Hopkins,* 545 F.3d at 343. The purpose of the economic realities test is to determine whether "the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.*

60.     District Courts within the Fifth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* at 343 (*citing Herman v. Express Sixty-Minutes Delivery Serv., Inc.,* 161 F.3d 299, 303 (5th Cir. 1998). The Fifth Circuit further noted that: "[n]o single factor is determinative. Rather, each factor is a tool used to gauge the *economic dependence* of the alleged employee, and each must be applied with this ultimate concept in mind." *Id*. (*citing Herman*, 161 F.3d at 303 and *Brock v. Mr. W Fireworks, Inc.,* 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

61.     The FLSA recognizes the doctrine of joint employers. "Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers." *Parker v. ABC Debt*

*Relief, Ltd. Co.*, Civil Action No. 3:10-cv-1332-P, 2013 U.S. Dist. LEXIS 12859, at *13 - 20 (N.D. Tex. Jan. 28, 2013) (Solis, J.) (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968).

62.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

63.     Plaintiff was not "exempt" from the FLSA's overtime provisions. 29 U.S.C. § 213.

64.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

65.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

66.     The FLSA provides for a two year statute of limitations which may be extended to three years where the cause of action arises out of a "willful" violation. 29 U.S.C. § 255(a).

## V.     FLSA CLAIMS

67.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

68.     This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq.*

69.     All conditions precedent to this suit, if any, have been fulfilled.

70.     At all material times, Plaintiff was an employee and/or joint employee of Defendants pursuant to the FLSA. 29 U.S.C. § 203(e); *Wirtz*, 405 F.2d at 669-70. Although

Defendants labeled Plaintiff as a so-called independent contractor, the economic reality is that Plaintiff was an employee of Defendants.

71.     At all material times, Defendants are and were an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

72.     Plaintiff routinely worked in excess of 40 hours per seven-day workweek for Defendant in the time period relevant to this lawsuit.

73.     At all material times, Plaintiff was entitled to overtime compensation from Defendants at one and one-half times his regular rate of pay. 29 U.S.C. § 207(a)(1).

74.     Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

75.     Defendants, individually and collectively, did not maintain an accurate number of the daily and weekly hours worked by Plaintiff during the relevant time period of this lawsuit. 29 C.F.R. § 516.2.

76.     Defendants' violations of the FLSA are and were willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claims.

77.     Plaintiff seeks all damages available for Defendants' violations of the FLSA.

## VI.     FLSA COLLECTIVE ACTION

78.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

79.     The putative collective action members are all current and former hourly paid workers which Defendant classified as "independent contractors" who, like Plaintiff, were not paid time and one-half their regular rate of pay for all hours worked over 40 during each and every workweek in the time period relevant to Plaintiff's FLSA cause of action.

80.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

81.     All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

82.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

83.     Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   **JURY DEMAND**

84.     Plaintiff demands a jury trial.

## VIII.   **DAMAGES AND PRAYER**

85.     Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

      a.     Actual damages in the amount of unpaid overtime wages;

      b.     Liquidated damages;

c.      Pre-judgment and post-judgment interest;

d.      Costs;

e.      Reasonable attorney's/attorneys' fees; and

f.      All other relief to which Plaintiff is entitled.

Respectfully submitted,


By:     s/ Allen Vaught
        Allen R. Vaught
        Attorney-in-Charge
        SD TX Bar No. 22757
        State Bar No. 24004966
        avaught@baronbudd.com
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile

        ATTORNEYS FOR PLAINTIFF